FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFF**<br>Janice G. Marsh, Trustee<br>The Marsh Law Firm, PC<br>446 Main Street, 19th Floor<br>Worcester, MA  01608<br>Telephone 508-797-5500<br>Fax 508-797-5533<br>jgm@townisp.com | **DEFENDANT**<br>(1) Louis V. Bibi, Jr.; (2) Louis V. Bibi, Sr., Individually and as Trustee of the Louis V. Bibi, Sr., Trust; Alice F. Bibi, Individually and as Trustee of the Alice F. Bibi Trust; Andrea E. Bibi, as Trustee of the Louis V. Bibi, Sr., Trust |
| **ATTORNEY** (Firm Name, Address and Telephone No.)<br>Janice G. Marsh<br>The Marsh Law Firm, PC<br>446 Main Street, 19th Floor<br>Worcester, MA  01608<br>Telephone 508-797-5500<br>Fax 508-797-5533<br>jgm@townisp.com | **ATTORNEYS** (If Known)<br>(1) David Graville Toone; (2) David O. Whittemore |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ US Trustee<br>☐ Creditor ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor ☐ US Trustee<br>☐ Creditor ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause of action as 2, second alternative cause of action as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11 – Recovery of money/property - § 542 turnover of property<br>☐ 12 – Recovery of money/property - § 547 preference<br>☐ 13 – Recovery of money/property - § 548 fraudulent transfer<br>☒ 14 – Recovery of money/property – other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21 – Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31 – Approval of sale of property of estate and of a co-owner - § 363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41 – Objection/revocation of discharge - § 727(c), (d), (e) | ☐ 67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny<br>☐ 61 – Dischargeability - § 523(a)(5), domestic support<br>☐ 68 – Dischargeability - § 523(a)(6), willful and malicious injury<br>☐ 63 – Dischargeability - § 523(a)(8), student loan<br>☐ 64 – Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65 – Dischargeability – other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71 – Injunctive relief – reinstatement of stay<br>☐ 72 –Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81 – Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>☐ 91 – Declaratory judgment |

| **FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51 – Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66 – Dischargeability - § 523(a)(1), (14), (14A), priority tax claims<br>☐ 62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud | **FRBP 7001(10) Determination of Removed Action**<br>☐ 01 – Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case -- 15 U.S.C. § 78aaa *et seq.*<br>☐ 02 – Other (e.g., other actions that would have been brought in state court if unrelated to bankruptcy case) |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand **Unknown Amount** |
| Other Relief Sought **Equitable** | |

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| NAME OF DEBTOR<br>Louis V. Bibi, Jr. | BANKRUPTCY CASE NO.<br>**07-41602** | |
| DISTRICT IN WHICH<br>CASE IS PENDING<br>Massachusetts | DIVISIONAL OFFICE<br>Central | NAME OF JUDGE<br>Henry J. Boroff |

| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH<br>ADVERSARY IS<br>PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| DATE<br>**April 29, 2009** | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Janice G. Marsh |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 07-41602-HJB |
|     Louis V. Bibi, Jr., | ) | Chapter 7 |
|       Debtor | ) | |
| | ) | |
| Janice G. Marsh, Trustee, | ) | |
|       Plaintiff, | ) | |
| | ) | |
|     v. | ) | Adv. Proc. No. 09- |
| | ) | |
| Louis V. Bibi, Jr.; Louis V. Bibi, Sr., | ) | |
| Individually and as Trustee of the | ) | |
| Louis V. Bibi, Sr., Trust; Alice F. | ) | |
| Bibi, Individually and as Trustee of | ) | |
| the Alice F. Bibi Trust; Andrea E. | ) | |
| Bibi, as Trustee of the Louis V. | ) | |
| Bibi, Sr., Trust, | ) | |
|       Defendants | ) | |

COMPLAINT

1. This is a core proceeding.

2. The court has jurisdiction pursuant to 28 U.S.C. sections 157 and 1334.

3. On April 30, 2007, the defendant Louis V. Bibi, Jr., commenced this case; immediately thereafter, Stephan M. Rodolakis was appointed as trustee.

4. Janice G. Marsh was appointed as the successor trustee.

5. The trustee is the plaintiff.

6. The defendant Louis V. Bibi., Sr., ("Louis Sr.") is an individual who resides at 16 Queen's View Road, Marlborough, Massachusetts ("Queen's View Road"), and is the debtor's biological father.

7. The defendant Louis Sr. is a co-trustee of the Louis V. Bibi, Sr., Trust.

8. The defendant Alice F. Bibi ("Alice") is an individual who resides at Queen's View Road and is the debtor's biological mother.

9. The defendant Alice is a co-trustee of the Alice F. Bibi Trust.

10. The defendant Andrea E. Bibi ("Andrea") is an individual who resides at Queen's View Road and is the debtor's biological sister.

11. The defendant Andrea is a co-trustee of the Louis V. Bibi, Sr., Trust.

12. On or about July 24, 2003, the debtor and his nondebtor spouse gave a Note in the principal amount of $50,000.00 to the defendant Louis Sr. Please see the attached Exhibit 1, incorporated by reference.

13. The term of the Note was five years, with no principal or interest due until July 31, 2008. Please see the attached Exhibit 1.

14. Also on or about July 24, 2003, the debtor and his nondebtor spouse, allegedly to secure the repayment of the Note, gave a Mortgage on their residential real property located at 70 Chestnut Street, Marlborough, Massachusetts ("Chestnut Street"), to the defendant Louis Sr. ("Transfer I") Please see the attached Exhibits 1 and 2, incorporated by reference.

15. The Mortgage is recorded in book 40140 at page 090, in the Middlesex South Registry of Deeds. Please see Exhibit 2.

16. The debtor recorded a Declaration of Homestead on Chestnut Street in book 40140 at page 092, in the Middlesex South Registry of Deeds. Please see the attached Exhibit 3, incorporated by reference.

17. No payments have been made on the Note. Please see the attached Exhibit 4, letter dated February 24, 2009, incorporated by reference.

18. On or about December 29, 1993, the defendant Alice gave a Quitclaim Deed covering Queen's View Road to the defendants debtor and Andrea; Alice reserved to herself and the defendant Louis Sr. a life estate.

19. On or about June 20, 2005, the defendant debtor and his nondebtor spouse gave a Quitclaim Deed covering Queen's View Road to the defendants Louis Sr. and Alice ("Transfer II"). Please see the attached Exhibit 5, incorporated by reference.

20. The defendant debtor received no consideration for Transfer II. Please see the attached Exhibits 5 and 6, incorporated by reference.

21. On or about January 4, 2006, the defendants Louis Sr. and Alice gave a Quitclaim Deed covering Queen's View Road to the defendants Louis Sr. and Andrea, as Trustees of the Louis V. Bibi Sr. Trust. Please see the attached Exhibit 7, incorporated by reference.

22. On or about January 4, 2006, the defendants Louis Sr. and Alice gave a Quitclaim Deed covering Queen's View Road to the defendants Alice and Andrea, as Trustees of the Alice F. Bibi Trust. Please see the attached Exhibit 8, incorporated by reference.

Count I
Fraudulent Transfer, M.G.L. Chapter 109A
Chestnut Street Mortgage
Against Defendant Louis Sr.

23. The trustee re-alleges paragraphs 1-22.

24. On or about July 24, 2003, the defendant debtor and his nondebtor spouse gave a Note in the principal amount of $50,000.00 to the defendant Louis Sr. Please see the attached Exhibit 1.

25. The term of the Note was five years, with no principal or interest due until July 31, 2008. Please see the attached Exhibit 1.

26. Also on or about July 24, 2003, the debtor and his nondebtor spouse, allegedly to secure the repayment of the Note, made Transfer I by giving a Mortgage on Chestnut Street to the defendant Louis Sr. Please see the attached Exhibits 1 and 2.

27. No payments have been made on the Note. Please see the attached Exhibit 4, letter dated February 24, 2009.

28. The defendant debtor made Transfer I with actual intent to hinder, delay or defraud a creditor of the debtor's. Mass. Gen. Laws ch. 109A, § 5(a)(1).

29. The defendant debtor made Transfer I without receiving a reasonably equivalent value in exchange for the transfer and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer. Mass. Gen. Laws ch. 109A, § 6(a).

WHEREFORE, Janice G. Marsh, the trustee and plaintiff, requests the court

A. to determine that Transfer I to the defendant Louis Sr., was fraudulent;

B. to avoid Transfer I;

C. to grant the trustee a judgment so that she may recover the debtor's interest in Chestnut Street or its value, plus interest and her attorney's fees and costs; and

D. to grant such further and other relief as the court deems just.

Count II
Declaratory Judgment – 11 U.S.C. Sections 522(g) and 551
Against the Defendant Debtor

30. The trustee re-alleges paragraphs 1-29.

31. On or about July 24, 2003, the defendant debtor and his nondebtor spouse gave a Note in the principal amount of $50,000.00 to the defendant Louis Sr. Please see the attached Exhibit 1.

32. The term of the Note was five years, with no principal or interest due until July 31, 2008. Please see the attached Exhibit 1.

33. No payments have been made on the Note. Please see the attached Exhibit 4, letter dated February 24, 2009.

34. Also on or about July 24, 2003, the defendant debtor and his nondebtor spouse, allegedly to secure the repayment of the Note, made Transfer I by giving a Mortgage on Chestnut Street to the defendant Louis Sr. Please see the attached Exhibits 1 and 2.

35. The Mortgage is recorded in book 40140 at page 090, in the Middlesex South Registry of Deeds. Please see the attached Exhibit 2.

36. The defendant debtor subsequently recorded a Declaration of Homestead on Chestnut Street in book 40140 at page 092, in the Middlesex South Registry of Deeds. Please see the attached Exhibit 3.

37. The defendant debtor voluntarily gave the Note and made Transfer 1. 11 U.S.C. section 522(g)(1).

38. The avoided Mortgage and Chestnut Street are automatically preserved for the benefit of the bankruptcy estate. 11 U.S.C. section 551.

39. The recorded Declaration of Homestead is subject to the interests of the bankruptcy estate in the avoided Mortgage and Chestnut Street.

WHEREFORE Janice G. Marsh, the trustee and plaintiff, requests the court

A. to issue a judgment declaring that the defendant debtor is not entitled to exempt Chestnut Street;

B. to issue a judgment declaring that the avoided Mortgage and Chestnut Street are automatically preserved for the benefit of the bankruptcy estate and that the recorded Declaration of Homestead is subject to the interests of the bankruptcy estate in the Mortgage and Chestnut Street;

C.  to grant such further and other relief as is just.

Count III
Fraudulent Transfer, M.G.L. Chapter 109A
Against Defendants Louis Sr. and Alice, Individually;
Louis Sr. and Andrea, as Trustees; and
Alice and Andrea, as Trustees

40. The trustee re-alleges paragraphs 1-39.

41. On or about June 20, 2005, the defendant debtor made Transfer II by giving a Quitclaim Deed in Queen's View Road to the defendants Louis Sr. and Alice. Please see the attached Exhibit 5.

42. The defendant debtor received no consideration for Transfer II of his interest in Queen's View Road.  Please see the attached Exhibits 5 and 6.

43. On or about January 4, 2006, the defendants Louis Sr. and Alice transferred Queen's View Road to the defendants Louis Sr. and Andrea, as trustees of the Louis V. Bibi Sr. Trust, and to the defendants Alice and Andrea, as trustees of the Alice F. Bibi Trust.

44. The defendant debtor made Transfer II with actual intent to hinder, delay or defraud a creditor of the debtor's.   Mass. Gen. Laws ch. 109A, § 5(a)(1).

45. The debtor made Transfer II without receiving a reasonably equivalent value in exchange for the transfer and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer. Mass. Gen. Laws ch. 109A, § 6(a).

46. The defendants did not take for value.

47. The defendants did not take in good faith.

48. The defendants did not take without knowledge of the voidability of the transfers.

WHEREFORE, Janice G. Marsh, the trustee and plaintiff, requests the court

A.  to determine that Transfer II to the defendants Louis Sr. and Alice, individually, was fraudulent;

B.  to avoid Transfer II;

C.  to grant the trustee a judgment so that she may recover the debtor's interest Queen's View Road or its value, plus interest and her attorney's fees and costs, from any or all of the defendants; and

D. to grant such further and other relief as the court deems just.

Count IV
11 U.S.C. Section 363(h)
Against Defendants Louis Sr. and Alice, Individually;
Louis Sr. and Andrea, as Trustees, and
Alice and Andrea, as Trustees

49. The trustee re-alleges paragraphs 1-48.

50. Partition in kind of Queen's View Road between the bankruptcy estate and the defendants is impracticable. 11 U.S.C. § 363(h)(1).

51. Sale of the bankruptcy estate's undivided interest in Queen's View Road would realize significantly less for the estate than sale of the property free and clear of the defendants' interests. 11 U.S.C. § 363(h)(2).

52. The benefit to the bankruptcy estate of a sale of Queen's View Road free and clear of the defendants' interests would outweigh the detriment, if any, to the defendants. 11 U.S.C. § 363(h)(3).

53. Queen's View Road is not used in the production, transmission or distribution for sale of electric energy or of natural or synthetic gas for heat, light or power. 11 U.S.C. § 363(h)(4).

54. At this time, the trustee does not have a contract to sell Queen's View Road, but she desires, at some uncertain time in the future, to sell the property, at which time she will file the appropriate motion for further authority to sell the property.

WHEREFORE, Janice G. Marsh, the trustee and plaintiff, requests the court

A. to authorize her to sell the entire fee simple in Queen's View Road free and clear of the interest of the defendants;

B. to distribute to the defendants their shares of the net proceeds to be realized from the sale of the property in full satisfaction of his claim to, or interest in, the real property; and

C. to grant such further and other relief as the court deems just.

## Count V
### Injunctive Relief – Chestnut Street
### Against Defendants Debtor and Louis Sr.

55. The trustee re-alleges paragraphs 1-54.

56. The trustee likely will succeed on the merits because of admissions that no money was paid on the Note, the repayment of which is allegedly secured by the Mortgage recorded before Declaration of Homestead was recorded.

57. The trustee likely will succeed on the merits because the defendants, insiders as defined in 11 U.S.C. section 101(31)(A), have demonstrated a history of engaging in transactions to prevent property, both Chestnut Street and Queen's View Road, from becoming available to creditors of the debtor's.

58. The bankruptcy estate will be significantly or irreparably harmed if the court does not issue injunctions because the defendants debtor and Louis Sr. could transfer Chestnut Street.

WHEREFORE, Janice G. Marsh, the trustee and plaintiff, requests the court

A. to issue, after a hearing, a preliminary injunction enjoining and restraining the defendants from transferring, removing, destroying, mutilating, or concealing, or permitting to be transferred, removed, destroyed, mutilated or concealed, Chestnut Street;

B. to issue, after a trial, a permanent injunction enjoining and restraining the defendants from transferring, removing, destroying, mutilating or concealing, or permitting to be transferred, removed, destroyed, mutilated or concealed, Chestnut Street; and

C. to grant such further and other relief as is just.

## Count VI
### Injunctive Relief – Queen's View Road
### Against Defendants Louis Sr. and Alice, Individually;
### Louis Sr. and Andrea, as Trustees, and
### Alice and Andrea, as Trustees

59. The trustee re-alleges paragraphs 1-58.

60. The trustee likely will succeed on the merits because of admissions that no consideration was given to the debtor for Transfer II and the defendant debtor likely was insolvent when he made Transfer II.

61. The trustee likely will succeed on the merits because the defendants, insiders as defined in 11 U.S.C. section 101(31)(A), have demonstrated a history of engaging in transactions to prevent property, both Queen's View Road and Chestnut Street, from becoming available to creditors of the debtor's.

62. The bankruptcy estate will be significantly or irreparably harmed if the court does not issue injunctions because the defendants could transfer Queen's View Road.

WHEREFORE, Janice G. Marsh, the trustee and plaintiff, requests the court

A. to issue, after a hearing, a preliminary injunction enjoining and restraining the defendants from transferring, removing, destroying, mutilating, or concealing, or permitting to be transferred, removed, destroyed, mutilated or concealed, Queen's View Road;

B. to issue, after a trial, a permanent injunction enjoining and restraining the defendants from transferring, removing, destroying, mutilating or concealing, or permitting to be transferred, removed, destroyed, mutilated or concealed, Queen's View Road; and

C. to grant such further and other relief as is just.

Respectfully Submitted,

/s/ Janice G. Marsh
Janice G. Marsh, Trustee
The Marsh Law Firm, PC
446 Main Street, 19th Floor
Worcester, MA  01608
Telephone 508-797-5500
Fax 508-797-5533
jgm@townisp.com
BBO No. 638575